

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.*,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>PERFECT INSTALLATIONS, INC., a New Jersey corporation,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. 09 C 4412

JUDGE ROBERT M. DOW, JR.

## **CONSENT DECREE**

THIS MATTER, coming on to be heard upon the Plaintiffs' Complaint, the parties hereto have reached a compromise and consent to the entry of this Consent Decree. The Court being fully advised in the premises, enters the following findings:

1.     This Court has jurisdiction over this cause of action and the parties to this Consent Decree, and the parties request the Court to retain jurisdiction to enforce the terms of their settlement agreement under the authority of <u>Kokkonen v. Guardian Life Insurance Company of America</u>, 511 U.S. 375, 381-82 (1994), as embodied in this Consent Decree.

2.     Defendant is an employer under ERISA, 29 U.S.C. §1001, *et seq.*, and has at all relevant times since May 13, 2006 been bound by the terms of the Ironworkers' International Agreement, the collective bargaining agreement referred to in Plaintiffs' Complaint, and by the terms and conditions of the Agreements and Declarations of Trust governing the Plaintiff Funds.

3.      Pursuant to the collective bargaining agreement and Trust Agreements, Defendant is obligated to file monthly or weekly contribution reports with the Plaintiffs, which indicate what amount of fringe benefit contributions and wage deductions, if any, are due from Defendant to Plaintiffs. Contributions that are not timely paid are assessed liquidated damages and/or interest as authorized by the Trust Agreements and ERISA, 29 U.S.C. §1132(g)(2). Pursuant to the Trust Agreements, Plaintiffs are further entitled to make an audit of Defendant's payroll books and records to verify the accuracy of Defendant's reporting and payment of contributions to Plaintiffs.

4.      Based on reports and other payroll documents prepared by Defendants, for the period of January through March 2009, Defendant owes Plaintiffs contributions and wage deductions of $216,196.80 and liquidated damages of $39,422.80, for a total of $256,619.60, subject to dispute by the Employer as specified in Paragraph 10 below.

5.      Pursuant to the Trust Agreements and ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to recover their costs and attorneys' fees incurred in efforts to collect unpaid contributions and liquidated damages, which total $3,751.58 as of September 2, 2009.

6.      Pursuant to the collective bargaining agreement, Defendant obtained a wage and welfare bond in the amount of $20,000.00. Plaintiffs have made a claim on said bond to collect a portion of the above amounts, and Defendant has agreed not to contest Plaintiffs' claims. In the event Plaintiffs are unable to recover the penal sum of the bond, for whatever reason, there shall be a final payment of $20,000.00 due one month after the last payment set forth in the schedule in Paragraph 7, subject to modification by Paragraph 10.

7.      Subject to all terms of this Consent Decree, Defendant agrees to pay Plaintiffs the principal amount of $240,371.18, with interest on the declining balance at the rate of 8.25% per year, with minimum payments to be made pursuant to the schedule set forth below:

| Payment Due Date | Beginning Balance | Payment Amount | Principal | Interest | Balance Due |
|---|---|---|---|---|---|
| 10/10/09 | $240,371.18 | $ 15,000.00 | $ 13,347.45 | $ 1,652.55 | $227,023.73 |
| 10/31/09 | $227,023.73 | $ 15,000.00 | $ 13,439.21 | $ 1,560.79 | $213,584.52 |
| 11/30/09 | $213,584.52 | $ 15,000.00 | $ 13,531.61 | $ 1,468.39 | $200,052.91 |
| 12/31/09 | $200,052.91 | $ 15,000.00 | $ 13,624.64 | $ 1,375.36 | $186,428.28 |
| 01/31/10 | $186,428.28 | $ 15,000.00 | $ 13,718.31 | $ 1,281.69 | $172,709.97 |
| 02/28/10 | $172,709.97 | $ 15,000.00 | $ 13,812.62 | $ 1,187.38 | $158,897.35 |
| 03/31/10 | $158,897.35 | $ 15,000.00 | $ 13,907.58 | $ 1,092.42 | $144,989.77 |
| 04/30/10 | $144,989.77 | $ 15,000.00 | $ 14,003.20 | $    996.80 | $130,986.58 |
| 05/31/10 | $130,986.58 | $ 15,000.00 | $ 14,099.47 | $    900.53 | $116,887.11 |
| 06/30/10 | $116,887.11 | $ 15,000.00 | $ 14,196.40 | $    803.60 | $102,690.71 |
| 07/30/10 | $102,690.71 | $ 15,000.00 | $ 14,294.00 | $    706.00 | $ 88,396.71 |
| 08/30/10 | $ 88,396.71 | $ 15,000.00 | $ 14,392.27 | $    607.73 | $ 74,004.43 |
| 09/30/10 | $ 74,004.43 | $ 15,000.00 | $ 14,491.22 | $    508.78 | $ 59,513.21 |
| 10/30/10 | $ 59,513.21 | $ 15,000.00 | $ 14,590.85 | $    409.15 | $ 44,922.37 |
| 11/30/10 | $ 44,922.37 | $ 15,000.00 | $ 14,691.16 | $    308.84 | $ 30,231.21 |
| 12/30/10 | $ 30,231.21 | $ 15,000.00 | $ 14,792.16 | $    207.84 | $ 15,439.05 |
| 01/30/11 | $ 15,439.05 | $ 15,545.19 | $ 15,439.06 | $    106.14 | $       0.00 |
| Totals |  | $255,545.19 | $240,371.18 | $15,174.01 |  |

8.      Payments shall be payable to the Iron Workers' Mid-America Pension Plan, and must be received on or before the due dates specified in Paragraph 7 in the offices of Baum Sigman Auerbach & Neuman, Ltd., 200 West Adams Street, Suite 2200, Chicago, IL 60606.

9.    If Defendant fails to timely make any payments as set forth in Paragraph 7 herein, Plaintiffs shall send Defendant written notice, addressed to Defendant's counsel at the Law Office of Kenneth C. Marano, 311 Main Street, 2nd Floor, Patterson, New Jersey 07505, notifying Defendant that it will be in default if it does not make the delinquent payment by the end of the tenth business day after the date of the notice.  In the event of a default, Plaintiffs shall be entitled to promptly move this Court to enforce the Consent Decree by entering judgment in favor of Plaintiffs and against Defendant for any amounts remaining unpaid under Paragraph 7 as of the date of default, plus any additional costs and attorneys' fees incurred by Plaintiffs after September 2, 2009, to collect such amounts or enforce this Consent Decree.

10.    The parties agree that under the Ironworkers' International Agreement, Defendant is required to pay all contributions and wage deductions required for work in the geographic jurisdiction of Iron Workers' Local Union 444 at the rates specified in the Local 444 collective bargaining agreement in effect at the time the work was performed, subject to the "key employee" provision of the Ironworkers' International Agreement.  Accordingly, if within sixty (60) days of the date of entry of this Consent Decree, Defendant can provide proof to Plaintiffs that it properly reported and paid all pension, welfare, annuity, vacation and other welfare benefit funds to the appropriate funds for the "home local union" of "key employees," consistent with the Ironworkers' International Agreement, then the parties may agree in writing to reduce the amounts due from Defendant to Plaintiffs, and to modify the payment schedule set forth in Paragraph 7 accordingly. In such an event, all other terms and conditions of this Consent Decree shall remain in full force and effect.

11.    This Consent Decree does not limit or modify the right of Plaintiffs to audit the payroll books and records of Defendant at a future time in the course of their regular audit program, or Plaintiffs' right to recover from Defendant any contributions or liquidated damages which may be due for any time period not previously audited.

12.    Nothing contained herein shall require the Plaintiffs to take legal action in the event of a default under this Consent Decree.  If Plaintiffs decide in their sole discretion to permit additional time for Defendant to cure such default, such allowance of additional time shall not be construed as a waiver of their rights under this Consent Decree.

**IT IS, THEREFORE ORDERED ADJUDGED, AND DECREED:**

A.    That Defendant shall pay the Plaintiffs the principal amount of $240,371.18 pursuant to the schedule set forth in Paragraph 7 above, subject to the terms outlined herein.

B.    By consent of the parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of this Consent Decree.

C.    Except as necessary to enforce the terms of this Consent Decree, this case is hereby dismissed with prejudice.

ENTERED:

Dated: _October 27, 2009_

_____
The Honorable Robert M. Dow, Jr.

-5-

**WE HEREBY AGREE TO THE ENTRY OF THIS ORDER.**

Respectfully submitted,                              Respectfully submitted,

_____                              _____
One of the Attorneys for the Plaintiffs              Michael Kares, President
                                                     Perfect Installations, Inc.
Patrick N. Ryan                                      P.O. Box 213
BAUM SIGMAN AUERBACH & NEUMAN, LTD.                  Woodridge, New Jersey   07074
200 W. Adams Street, Suite 2200
Chicago, IL   60606
Telephone:  (312) 236-4316

I:\MID\Perfect Installations\consent decree per.mgp.wpd

-6-